UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BECKY G. HAGGARD,           ) | |
|                             ) | |
| Plaintiff,  ) | |
|                             ) | |
| vs.                         ) | |
|                             ) | |
| CAROLYN W. COLVIN Acting    ) | No. 1:12-cv-1263-SEB-TAB |
| Commissioner of the Social Security ) | |
| Administration,             ) | |
|                             ) | |
| Defendant.  ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Becky G. Haggard appeals the final decision of the Commissioner denying her disability insurance benefits and supplemental security income. Haggard's impairments include: chronic pulmonary disease, an injured right rotator cuff, and an ear bone tumor. [Docket No. 13-2 at 29.] The Administrative Law Judge denied her disability application for DIB and SSI finding that Haggard's impairments were not severe and that she could perform work in the economy. For the reasons set forth below, the Magistrate Judge recommends that Haggard's brief in support of appeal [Docket No. 15] be denied and the Commissioner's decision be affirmed.

**II.     Discussion**

The Social Security regulations provide a five-step sequential inquiry to determine whether a plaintiff is disabled: whether the plaintiff (1) is currently unemployed, (2) has a severe impairment, (3) has an impairment that meets or equals one of the impairments listed as

1

disabling in the Commissioner's regulations, (4) is unable to perform past relevant work, and (5) is unable to perform any other work in the national economy. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512–13 (7th Cir. 2009). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.*

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The ALJ, however, need not mention every piece of evidence in the record, so long as he builds a logical bridge from the evidence to his conclusion. *Denton*, 596 F.3d at 425.

Haggard's brief does not address how the ALJ erred in her decision. Instead, Haggard highlights her impairments, noting that "due to medications and sugar dropping fast I feel there is no work for me to do and a lot of it in my life I should have never had done." [Docket No. 15.] Her arguments are undeveloped, lack relevant authority, and are thus waived. *See Arlin-Golf, LLX v. Village of Arlington Heights,* 631 F.3d 818, 823 (7th Cir. 2011) (finding plaintiffs' argument waived because they failed to point out any relevant authority on appeal); *United*

*States v. Elst,* 579 F.3d 740, 743 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.")

While Haggard failed to provide any legal basis for her appeal, the Court nevertheless reviews the ALJ's findings to assess whether substantial evidence supports her decision. It does. The ALJ found no severe impairment, which is consistent with the five physicians reporting no severe mental impairment and Haggard's ability to physically perform less than full range of light work. These factors were appropriately reflected in the ALJ's hypothetical to the VE. [Docket No. 13-2 at 6.] Moreover, the ALJ considered in her decision Haggard's subjective statements, her treatment history, the effectiveness of her medications, and her activities of daily living. [*See* Docket No. 13-2.]

**III.     Conclusion**

For the reasons above, the Magistrate Judge recommends that Haggard's brief in support of appeal [Docket No. 15] be denied and the Commissioner's decision be affirmed. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date:   11/08/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

BECKY G. HAGGARD
P.O. Box 1183
Martinsville, IN 46151

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov